IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DEMETRIUS AMBROSE | § | PETITIONER |
| | § | |
| v. | § | Civil Action No. 1:15cv240-HSO-JCG |
| | § | |
| WARDEN LEPHER JENKINS & | § | RESPONDENTS |
| STATE OF MISSISSIPPI | § | |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Michael Demetrius Ambrose

["Petitioner"] for Writ of Habeas Corpus [6] pursuant to Title 28, United States

Code, Section 2254 filed July 23, 2015.[1]  On September 29, 2015, Warden Lepher

Jenkins and the State of Mississippi ["Respondents"]  filed a Motion to Dismiss [9]

pursuant to 28 U.S.C. § 2244(d).  Petitioner filed a Response [14].  Having

considered the Motion, Response, pleadings, records on file, briefs and arguments of

the parties, and the relevant legal authority, the undersigned United States

Magistrate Judge recommends that the Motion of the Respondents be granted.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Michael Demetrius Ambrose was indicted for capital murder while

in the commission of a robbery in the First Judicial District of the Circuit Court of

Harrison County, Mississippi.  R. [9-2], at p. 2.  A jury found Petitioner guilty of

murder, and the trial court sentenced Petitioner to serve a term of life in the

---

[1]On August 21, 2015, Petitioner was ordered to file his §2254 utilizing the proper form.

custody of the Mississippi Department of Corrections.  R. [9-1], Sentencing Order, att. as Ex. "A" to Mot. to Dismiss.

Petitioner, assisted by counsel[2], appealed his conviction and sentence to the Mississippi Supreme Court.  Petitioner's conviction was affirmed on December 12, 2013.  *Ambrose v. State,* 133 So.3d 786 (Miss. 2013).  Petitioner sought and was granted time, up and until January 19, 2014, to file a petition for rehearing with the Mississippi Supreme Court.   Petitioner never filed a petition for rehearing.

On April 2, 2015, Petitioner filed a Motion for Post Conviction Collateral Relief ["PCR"] in the Circuit Court of Harrison County.  R. [9-5], Application, att. as Ex. "E" to Mot. to Dismiss.   The Circuit Court, noting Petitioner's failure to seek leave of the Mississippi Supreme Court pursuant to Miss. Code. Ann. § 99-39-27, dismissed Petitioner's post conviction application by Order filed April 9, 2015.  R. [9-6], Order, att. as Ex. "F" to Mot. to Dismiss.

On April 23, 2015, Petitioner signed an Application for Leave to Proceed in the Trial Court and mailed it to the Mississippi Supreme Court.[3]  R. [9-3], att. as Ex. "C" to Mot. to Dismiss.  The Mississippi Supreme Court dismissed Petitioner's post conviction application by Order filed July 1, 2015.  R. [9-4], Order, att. as Ex. "D" to Mot. to Dismiss.

On July 23, 2015, Petitioner filed the instant § 2254 Application asserting

---

[2]Petitioner was represented by attorneys Hunter Nolan Aikens and George T. Holmes during his direct appeal to the Mississippi Supreme Court.

[3] Petitioner's Application was stamped filed April 29, 2015.

insufficiency of the evidence supporting his conviction, the verdict was against the overwhelming weight of the evidence presented, and ineffective assistance of counsel.  §2254 Petition [6], at pp. 5-8.  Petitioner also asserts that the charging indictment was deficient.  *Id*. at p. 10.  Petitioner seeks the following relief: "[g]rant leave to proceed in the trial court to file post-conviction."  *Id*. at p. 16.  Petitioner attached an Application for Leave to Proceed in the Trial Court in support of the instant Petition.[4]  Respondents filed a Motion to Dismiss [9] pursuant to 28 U.S.C. § 2244(d).  Petitioner filed a Response [14] in opposition to the Motion.

## II. DISCUSSION

A. APPLICATION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] provides in part as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[4]The undersigned notes that the attached Application to Proceed in the Trial Court mirrors Petitioner's original Petition [1] filed on July 23, 2015.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under subsection (d)(1)(A), the "one-year period begins to run from the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Mark v. Thaler*, 646 F.3d 191 (5th Cir. 2011)(internal citations and quotations omitted).  A state court conviction is "final" when there is no further "availability of direct appeal to the state courts." *Id.*

The Fifth Circuit has explicitly held that the one year statute of limitations period begins to run from the date of the judgment of conviction.  "The mere existence of an application for state habeas relief does not . . . prevent the one year period of limitation from beginning until the state habeas application is finally decided. Rather, §2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one year period." *Flanagan v. Johnson*, 154 F.3d 196, 199, n. 1 (5th Cir. 1998).

Petitioner, through counsel, perfected a direct appeal of his judgment of conviction and sentence.  The Supreme Court of Mississippi affirmed Petitioner's

conviction and sentence by written opinion issued on December 12, 2013. *See Ambrose v. State,* 133 So. 3d 786 (Miss. 2013), att. as Ex. "B" to Mot. to Dismiss.  Petitioner moved for, and was granted additional time up and until January 19, 2014, to file a petition for rehearing with the Supreme Court of Mississippi.[5]  No petition for rehearing was ever filed by or on behalf of Petitioner.  Therefore, Petitioner's judgment of conviction became final on April 21, 2014, ninety (90) days after the Mississippi Supreme Court granted him additional time, and the date his right to file a petition for writ of certiorari elapsed.[6]  *See* Miss. Code Ann. § 99-35-101 (1972).  There is no evidence in the record that Petitioner filed a petition for writ of certiorari to the United States Supreme Court, and Petitioner does not contend that he filed such a writ. Absent statutory or equitable tolling, Ambrose's Petition for *habeas* relief would have been due in this Court on or before April 21, 2015.  *See United States v. Flores*, 135 F.3d 1000, 1005-6 (5th Cir. 1998).  The instant Petition was filed on July 23, 2015.

Petitioner did file two pleadings in April of 2015.  The first Motion was filed on April 2, 2015, in the Circuit Court of Harrison County, Mississippi.  However, because

---

[5]The Supreme Court of Mississippi docket reflects that a Motion for Additional Time was filed on December 19, 2014, which the Court granted by Order entered that same day.

[6]The April 21, 2014, date is calculated by using January 19, 2014, the extended date for Petitioner to file a petition for rehearing with the Supreme Court of Mississippi, then adding 90 days for Petitioner to file a writ of certiorari with the United States Supreme Court.  Finally, since April 19, 2014, falls on a Saturday, April 21, 2014, is the deadline date used.   Using this date to begin the one year period for Petitioner to file for habeas relief in this Court results in April 21, 2015, as the deadline.

this Motion was filed prior to obtaining leave of the Mississippi Supreme Court pursuant to § 99-37-29, it was not properly filed. On April 23, 2015, Petitioner signed an Application for leave to proceed in the trial court, which was stamp filed by the Mississippi Supreme Court Clerk on April 29, 2015. Petitioner signed this Application after the April 21, 2015, deadline elapsed.

Ambrose's Petition for *habeas* review was "filed" in this Court, at the earliest, on July 13, 2015, the date he signed his Petition. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) ("Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court."). Under the AEDPA, Ambrose's Petition had to be filed no later than April 21, 2015. "When a habeas petitioner has pursued relief on direct appeal through the state's highest Court, his conviction becomes final ninety days after the highest court's judgement is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008)(citing *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003)).

Based on the record before the Court, Petitioner did not have a "properly filed" state post conviction motion/application as contemplated by 28 U.S.C. § 2244(d)(2). Therefore, the statute of limitations period was not tolled in this case. *See* 28 U.S.C. § 2244(d)(2). For these reasons, the undersigned is of the opinion that Ambrose's Petition is barred by the statute of limitations, and should be dismissed.

B.   WHETHER OR NOT EQUITABLE TOLLING APPLIES IN THIS CASE

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). "To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (internal citations and quotations omitted); *see also Mathis v. Thaler*, 616 F. 3d 461, 474 (5th Cir. 2010); *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The applicant bears the burden of establishing that equitable tolling is warranted." *Hudson v. Quarterman*, 332 F. App'x. 209, 210 (5th Cir. 2009) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)).

This Court has discretion as to whether to equitably toll the instant petition. "The court's judicious discretion equitably to toll helps safeguard habeas while still fulfilling Congress's express desire to accelerate the process. A court can allow an untimely petition to proceed under the doctrine of equitable tolling in 'extraordinary circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)(quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Cockrell*, 294 F.3d at 629.

In the present case, the record clearly indicates that the §2244(d) tolling provision was not implicated. Petitioner unequivocally states that he did not file a

post-conviction motion or petition and that he is: "trying to get leave to file post-conviction to raise said issue." Pet. [6] at p. 5.   The instant petition was filed *after* the limitations deadline lapsed on April 21, 2015. As discussed above, Petitioner filed a Motion for post-conviction relief on April 2, 2015, however, this was filed in the Circuit Court of Harrison County prior to obtaining leave to proceed by the Mississippi Supreme Court.   Thereafter, on April 23, 2015, Petitioner signed an Application for Leave to Proceed in the Trial Court which was stamp filed April 29, 2015, by the Office of the Clerk of the Supreme Court of Mississippi.   However, Petitioner both signed and filed the Application after the April 21, 2015, deadline had elapsed.

In his Response to Respondents' Motion to Dismiss, Petitioner states that the:

> three year statute of limitations to file his Post-Conviction pursuant to Miss. Code. Ann. § 99-39-1 is December 29, 2015, this Court should grant Petitioner's Application for Leave to Proceed in the Trial Court so this Petitioner can file for Post-Conviction Collateral Relief.

Pet. Resp. to Order [14] at p. 2.

The Fifth Circuit has consistently held that:

> [t]he doctrine of equitable tolling is applied restrictively and, as we have held  repeatedly, is entertained only in cases presenting rare and exceptional  circumstances where it is necessary to preserve a plaintiff's claims when strict  application of the statute of limitations would be inequitable. Here, Johnson has provided no reason for missing the deadline by years, much less a rare and  exceptional one. As this Court has long stated, equity is not intended for those who sleep on their rights.

*In re Johnson*, 325 F. App'x 337, 341 (5th Cir. 2009) (internal citations omitted).

-8-

In the present case, the record reflects that Petitioner has not properly pursued habeas relief in accordance with controlling Fifth Circuit law. Petitioner requests this Court to grant him leave to proceed in the trial court. However, the Mississippi Supreme Court determined that the "issues raised by Petitioner lack sufficient merit to warrant an evidentiary hearing." Order [9-4] at p. 1. The Order entered by the Harrison County Circuit Court noted that Petitioner "has not applied with the Mississippi Supreme Court for permission to proceed in the trial court as required by Miss. Code. Ann. § 99-39-27." Order [9-6] at p. 1. While Petitioner is mistaken in his interpretation of the law as to procedure and obtaining leave to proceed in the trial court, this does not serve to equitably toll the statute of limitations in this case.

> That ignorance of the law is insufficient is, in fact, supported by the language of § 2244(d)(2). In that tolling provision, Congress provided that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). The "properly filed" limitation indicates that Congress does not view ignorance of the law as a sufficient reason for tolling, for a "properly filed" petition would be one that was filed within any statute of limitations the state imposes. *See Villegas v. Johnson,* 184 F.3d 467, 469 (5th Cir.1999).

*Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

Regarding whether or not Petitioner appealed to the highest court having jurisdiction, Petitioner states that he is "not sure about the above answers I am left to defend myself . . . and I don't want to give the Court false information." Pet. [6] at p. 3. He further states that the "reason why I am unable to give the information

requested is because my family and I never received a copy of what was being filed, the attorneys took the money and ran." *Id.*   While Petitioner's allegations are not completely transparent, the law is clear that Petitioner has an extraordinary stringent burden to present circumstances that are indeed "rare and exceptional."

> [P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir.1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

*Felder*, 204 F.3d at 171.

Proceeding *pro se* is, alone, insufficient to equitably toll the AEDPA statute of limitations. Petitioners are required to follow and comply with the applicable procedural rules.   Further, the  lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations. *See United States v. Petty*, 530  F.3d 361, 365-66 (5th Cir. 2008).

Having considered the record, the briefs and pleadings before the Court, and the relevant law, it is the opinion of the undersigned that Petitioner has not presented "rare and exceptional" circumstances, and as such, equitable tolling appears inapplicable under the given circumstances.  The record reflects that Petitioner did not file a post-conviction motion in state court in more than one year after his conviction became final.  Because Petitioner does not argue that he was prevented in some way from filing his Petition timely, the Court concludes that equitably tolling the one-year

limitations period under the AEDPA in this case is not warranted.

## III. RECOMMENDATION

Having considered the Motion, Petitioner's Response, the record, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Respondents' Motion [9] be granted and the Application for Writ of Habeas Corpus [1] filed by Petitioner Michael Demetrius Ambrose pursuant to 28 U.S.C. § 2254 be dismissed as barred by the statute of limitations.

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking

on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 18th day of April, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE